# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

THOMAS TERRILL,    )
            )
      Petitioner, )
            )
vs.           )  **Case No. CIV-09-193-JHP-KEW**
            )
JAMES RUDEK,    )
            )
     Respondent. )

## OPINION AND ORDER

  This matter comes before the Court on the habeas corpus petition (Dkt. # 1) filed by Petitioner Thomas Terrill, a state prisoner appearing *pro se*.  Respondent filed a response to the petition (Dkt. # 6), and provided the state court records necessary for resolution of Petitioner's claims (Dkt. #s 6-2, 6-2, 6-4, 6-5, 6-6 and 6-7).  For the reasons discussed below, this Court finds the petition for writ of habeas corpus shall be denied.

  As a preliminary matter, the Court finds that the proper respondent in this matter is the state official having custody of petitioner.  The petition indicates Petitioner is currently in custody at the Mack Alford Correctional Center.  The Oklahoma Department of Corrections website, however, indicates Petitioner is currently incarcerated at the Oklahoma State Reformatory in Granite, Oklahoma.[1]  The current warden of that facility is James

---

[1] http://docapp065p.doc.state.ok.us/servlet/page?_pageid=394&_dad=portal30&_schema=PORTAL30&doc_num=497113&offender_book_id=290965

Rudek.  Therefore, pursuant to Fed.R.Civ.P. 25(d), the Clerk of Court shall substitute James Rudek for Walter N. Dinwiddie as party respondent.

Petitioner attacks his conviction for First Degree Manslaughter in the District Court of Pushmataha County, Case No. CF-2004-71.  Petitioner was sentenced to twenty-nine (29) years imprisonment.

Petitioner filed a direct appeal in which he raised the following issues:

1.  The trial court's erroneous decisions were an abuse of discretion which denied petitioner's right to due process and a fair sentencing hearing under the Fifth and Fourteenth Amendments to the United States Constitution as well as Article II, §§ 7, 9 of the Oklahoma Constitution.

2.  The trial court improperly imposed restitution of $500,000.

3.  Petitioner received ineffective assistance of counsel in violation of the Sixth, Eighth, and Fourteenth Amendments of the United States Constitution and Article II §§ 7, 9, and 20 of the Oklahoma Constitution.

4.  The accumulation of error deprived Petitioner of due process of law and a reliable sentencing hearing.

On May 16, 2008, in an unpublished summary opinion, the Oklahoma Court of Criminal Appeals ("OCCA") affirmed Petitioner's conviction, but reversed and vacated the judgment of restitution.  (Dkt. # 6-4).  Petitioner now seeks relief from his sentence pursuant to 28 U.S.C. § 2254.

Petitioner commenced the instant habeas corpus action on May 18, 2009 (Dkt. #1), raising the following three (3) grounds of error:

1.  Did the trial court abuse its discretion contrary to 28 U.S.C. § 2254(d)(1)(2) in resentencing?

2

2.  Did the appellate court abuse its discretion on petitioner's ineffective assistance of counsel claim contrary to 28 U.S.C. § 2254(d)(1)(2)?

3.  Did the appellate court abuse its discretion contrary to 28 U.S.C. § 2254(d)(1)(2) in failing to modify movant's sentence on errors?

In his first proposition, Petitioner claims the trial court failed to consider all available sentencing options during his re-sentencing hearing and based his sentence upon arbitrary factors.  Federal habeas relief is only available for violations of constitutional law, not for abuse of discretion.  *King v. Giurbino*, 538 F.Supp.2d 1269 (C.D.Cal. 2008).

> Sentences that fall within the range prescribed by state law are not reviewable in a habeas proceeding. *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir.1992); *Pena v. Rivera*, No. 05 Civ. 3109(LTS)(FM), 2006 WL 2265078, at *8 (S.D.N.Y. July 31, 2006). Moreover, "[t]he assertion that a sentencing judge abused his or her discretion in sentencing is generally not a federal claim subject to review by a habeas court." *Egbert v. David*, Nos. 02-CV-5035, 03-MISC-0066, 2003 WL 23199557, at *6 (E.D.N.Y. Dec. 11, 2003) (citing *Fielding v. LeFevre*, 548 F.2d 1102, 1109 (2d Cir.1977)).

*Rustici v. Philips*, 497 F.Supp.2d 452, 469 (E.D.N.Y. 2007).  *See also*, *Dennis v. Poppel*, 222 F.3d 1245, 1258 (10th Cir. 2000)(federal review of sentence ends if sentence is within limitation set by state statute).

A review of the summary opinion of the OCCA reveals that Petitioner

> was tried by jury and convicted of Manslaughter in the First Degree, in violation of 21 O.S. 2001, § 711, in the District Court of Pushmataha County, Case No. CF-04-71.  In accordance with the jury's recommendation, the Honorable Willard Driesel sentenced Terrill to serve life imprisonment.  On November 9, 2006, in case No. F-05-527, the Oklahoma Court of Criminal Appeals remanded the case for resentencing.  On resentencing, Terrill waived jury sentencing, and the Honorable Lowell R. Burgess sentenced him to imprisonment for twenty-nine (29) years and restitution of $500,000.

*Terrill v. State of Oklahoma*, No. F-2007-241, slip op. at 3, n. 3 (Okla. Crim. App. May 16, 2008).  Dkt. # 6-4, at p. 1.

The punishment, under Oklahoma law for First Degree Manslaughter, is no less than four years in custody.  21 O.S. § 715.  There is, however, no upper limit on the number of years that a person found guilty of this offense could be sentenced to serve.  As the state court judge indicated at Petitioner's resentencing hearing, the jury could have sentenced Petitioner to 2000 years. Dkt. # 6-5, at p. 7.  Since Petitioner was sentenced within the range of punishment allowed by Oklahoma law, whether or not the trial court abused its discretion in resentencing Petitioner is not a federal claim subject to review by this court.[2]  Accordingly, this claim is denied.

In his second proposition, Petitioner claims the OCCA abused its discretion in denying his ineffective assistance of counsel claim.  Respondent counters that the OCCA's determination was not contrary to nor an unreasonable application of clearly established federal law.

In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court enunciated the legal standards which apply to claims of ineffective assistance of counsel in a criminal proceeding.  First, the Court indicated that the defendant must establish that the representation was deficient because it fell below an objective standard of reasonableness under prevailing professional norms.  Second, the

---

[2]Petitioner asserts in his reply that the State of Oklahoma can not set a greater punishment for a state crime than is authorized by federal law for a similar federal crime.  That is, however, not the law.  The federal statutes regarding punishment for first degree manslaughter cited by Petitioner simply do not apply to Petitioner's state convictions.

defendant must establish that the deficient performance prejudiced the defense. *Id.* 466 U.S. at 687, 104 S.Ct. at 2064. Failure to establish either prong of the *Strickland* standard will result in a denial of Petitioner's Sixth Amendment claims. *Id.* 466 U.S. at 696, 104 S.Ct. at 2069-2070. While ensuring that criminal defendants receive a fair trial, considerable judicial restraint must be exercised. As the Supreme Court cautioned in *Strickland*,

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all to easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.

*Id*. 466 U.S. at 689, 104 S.Ct. at 2065. In order to establish prejudice in the guilt stage, the defendant has to show "there is a reasonable probability that, absent the errors, the fact finder would have had a reasonable doubt respecting guilt." *Id.* 466 U.S. at 694, 104 S.Ct. at 2068. In other words, deficient performance is prejudicial only where it is clear that "but for trial counsel's errors, there is a reasonable probability that the ultimate result would have been different," *Washington v. Johnson*, 90 F.3d 945 (5th Cir. 1996), *cert. denied,* 117 S.Ct. 1259, 137 L.Ed.2d 338 (1997); so that, the "confidence in the reliability of the verdict is undermined." *Id.*

The United States Supreme Court has indicated that every effort must be made by a reviewing court to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland v. Washington*, 466 U.S. at 689, 104 S.Ct. at 1065. In

addition, the Court indicated the conduct of counsel is "strongly presumed" to have been within the wide range of reasonable professional assistance. *Id.*

The OCCA considered the principles enunciated in *Strickland* in adjudicating Petitioner's claim of ineffective assistance of trial counsel, stating:

> Terrill cannot show deficient performance or prejudice. *Strickland v. Washington*, 466 U.S. 668, 687, 104 s.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984) (to establish ineffective assistance of counsel, counsel's performance must be deficient and the deficient performance must create errors so serious as to deprive the defendant of a fair trial with reliable results). Terrill first argues that defense counsel was ineffective for failing to object to numerous erroneous rulings by the court. There is no indication that the trial court failed to consider all of the sentencing options, and we awarded relief in Proposition II on the court's determination of the amount of the victim's restitution. Second, Terrill argues that defense counsel failed to prepare for the resentencing hearing. At the hearing, counsel referred to portions of the Pre-Sentence Investigation Report and was able to direct the trial court to specific pages in the trial transcript where the victim's wife was cross-examined. Defense counsel's decision of what evidence to present at the hearing was a matter of trial strategy, and Terrill cannot show deficient performance or prejudice. Finally, Terrill argues that defense counsel exhibited a lack of knowledge of the law. Counsel is presumed competent, and there is nothing in the record to show that counsel was unknowledgeable of the law.

*Terrill v. State of Oklahoma*, No. F-2007-241, slip op. at 3, n. 3 (Okla. Crim. App. May 16, 2008). Dkt. # 6-4, at p. 3.

After reviewing the entire record in this case, this Court finds while not articulating his claims clearly in his pleadings, Petitioner is attempting to make three allegations regarding ineffective assistance of counsel.[3] First, Petitioner alleges counsel was ineffective for failing to object during sentencing to errors made by the trial court during his

---

[3]*See*, Dkt. # 6-2 (State's Exhibit 1 at pp. 24-29).

resentencing hearing.  However, since Petitioner did not prevail on these same issues on appeal, this Court finds Petitioner has failed to establish any prejudice occurred.  Next, Petitioner asserts trial counsel was not adequately prepared for the sentencing hearing and, therefore, provided ineffective assistance of counsel.  It is clear from the transcript of the resentencing hearing that trial counsel was adequately prepared to proceed at the hearing.  Thus, Petitioner has failed to establish that he, in fact, received ineffective assistance of counsel.  Finally, Petitioner claims  the events that occurred at his resentencing ". . . puts into question if counsel had a basic understanding and knowledge of the law."  Dkt. # 6-2, at p. 29.  As previously indicated, counsel is presumed competent and there is nothing in this record to indicate otherwise.   Since Petitioner has failed to establish that counsel's performance was constitutionally inadequate, or that he was prejudiced thereby, this Court finds that the determination by the OCCA that Petitioner failed to establish deficient performance and/or prejudice is not contrary to nor an unreasonable application of clearly established law.  Accordingly, this proposition of error is denied.

Finally, Petitioner claims an accumulation of errors during his resentencing require this Court grant his request for habeas relief.  In considering cumulative error, the Tenth Circuit has indicated a reviewing court should conduct the same inquiry as for individual errors – were the defendant's substantial rights affected; with the focus being on "the underlying fairness of the trial."  *United States v. Woods*, 207 F.3d 1222, 1237-38 (10th Cir. 2000).  Having reviewed the entire state court records, this Court recognizes that the Oklahoma Court of Criminal Appeals found an error in the way the trial court determined the

amount of restitution.  The OCCA did not, however, find any other errors.  Thus, this Court finds there were no errors to accumulate and, in light of the OCCA's decision to vacate the restitution order, this Court finds that Petitioner's constitutional rights were not violated.  As a result, this Court finds the OCCA's determinations were not contrary to nor an unreasonable application of clearly established federal law.  Accordingly, this claim lacks merit.

For the reasons stated herein, Petitioner's Petition for Writ of Habeas Corpus (Dkt. # 1) is hereby **DENIED**, and this action is, in all respects dismissed.  Additionally, pursuant to Fed.R.Civ.P. 25(d), the Clerk of Court shall substitute James Rudek for Walter N. Dinwiddie as party respondent.  Furthermore, pursuant to Rule 11 of the Rules Governing Section 2254 cases, this Court hereby denies a certificate of appealability.  The Clerk is hereby directed to enter a separate judgment in this matter.

**IT IS SO ORDERED** this  22nd   day of December, 2011.

James H. Payne
United States District Judge
Eastern District of Oklahoma